IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JAMES R. TYREE,                    )
                                   )
            Plaintiff,             )
                                   )
      v.                           ) Civil Action No. 10-107
                                   )
MICHAEL J. ASTRUE,                 )
COMMISSIONER OF                    )
SOCIAL SECURITY,                   )
                                   )
            Defendant              )


MEMORANDUM JUDGMENT ORDER

AND NOW, this 24th day of March, 2011, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for supplemental security income under Title XVI of the Social Security Act ("Act"), IT IS ORDERED that plaintiff's motion for summary judgment (Document No. 8) be, and the same hereby is, granted and the Commissioner's motion for summary judgment (Document No. 14) be, and the same hereby is, denied. The Commissioner's decision of August 4, 2009, will be vacated and this case will be remanded to the Commissioner for further proceedings consistent with this opinion pursuant to 42 U.S.C. §405(g).

When the Commissioner determines that a claimant is not "disabled" within the meaning of the Act, the findings leading to

such a conclusion must be based upon substantial evidence. "Substantial evidence has been defined as 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate.'" Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999) (citation omitted).

Despite the deference to administrative decisions required by this standard, reviewing courts "'retain a responsibility to scrutinize the entire record and to reverse or remand if the [Commissioner's] decision is not supported by substantial evidence.'" Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000) (quoting Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981)). In evaluating whether substantial evidence supports an ALJ's findings, "'leniency [should] be shown in establishing the claimant's disability, and ... the [Commissioner's] responsibility to rebut it [should] be strictly construed ....'" Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003) (quoting Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979)).

Plaintiff protectively filed his pending application for benefits on August 28, 2007, alleging a disability onset date of October 1, 2004,[1] primarily due to neck, back and knee pain and

---

[1] Although plaintiff alleges an onset date of October 1, 2004, plaintiff filed a prior application for benefits on September 20, 2004, which an ALJ denied by decision dated February 22, 2007. Plaintiff did not seek additional administrative review of that decision. Accordingly, the finding of not disabled prior to February 22, 2007, is binding, and the relevant time period under consideration here is February 23, 2007, the date after the decision on plaintiff's prior application, through August 4, 2009, the date of the ALJ's decision on the pending application.

AO 72
(Rev. 8/82)

depression. Plaintiff's application was denied initially. At plaintiff's request, an ALJ held a hearing on July 2, 2009, at which plaintiff, represented by counsel, appeared and testified. On August 4, 2009, the ALJ issued a decision finding that plaintiff is not disabled. On December 16, 2009, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 38 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §416.963(c). Plaintiff has a high school education and has past relevant work experience as a bander operator, but he has not engaged in any substantial gainful activity since his alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of degenerative joint disease of the neck, back, legs and knees, obesity, sleep apnea and depression, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1, 20 C.F.R. Subpart P, Regulations No. 4.

The ALJ also found that plaintiff retains the residual functional capacity to perform less than the full range of sedentary work with certain restrictions accounting for the limiting effects of his physical and mental impairments. (R. 38).

AO 72
(Rev. 8/82)

A vocational expert identified numerous categories of jobs which plaintiff could perform based upon his age, education, work experience and residual functional capacity, including sorter, routing clerk and surveillance system monitor.

Relying on the vocational expert's testimony, the ALJ found that while plaintiff cannot perform his past relevant work, he is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ found that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[2] for determining whether

---

[2] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether he has a severe impairment; (3) if so, whether his impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents him from performing his past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of his age,

a claimant is under a disability. 20 C.F.R. §416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). Generally, if the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises numerous challenges to the ALJ's findings: (1) the ALJ erred at step 3 by finding that none of plaintiff's impairments, alone or in combination, meet or equal any of the listed impairments; (2) the ALJ improperly evaluated the medical evidence by rejecting the opinions of his treating physician and a consultative psychologist and instead relying on the opinion of s state agency reviewer; and, (3) the ALJ's hypothetical to the vocational expert failed to account for all of plaintiff's limitations as supported by the record.

After reviewing the ALJ's decision and the record, the court is satisfied that the majority of the ALJ's findings and conclusions are supported by substantial evidence. However, because the ALJ failed to consider whether plaintiff's sleep apnea, alone or in combination with plaintiff's obesity, meets or equals Listing 3.10 for sleep-related breathing disorders, this case must be remanded for further proceedings.

---

education, work experience, and residual functional capacity. 20 C.F.R. §416.920; Newell, 347 F.3d at 545-46. Additionally, when there is evidence of a disabling mental impairment, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. 20 C.F.R. §416.920a; Plummer, 186 F.3d at 432.

At step 3 of the sequential evaluation process, the ALJ must determine whether the claimant's impairment matches, or is equivalent to, one of the listed impairments. <u>Burnett v. Commissioner of Social Security Administration</u>, 220 F.3d 112, 119 (3d Cir. 2000). The listings describe impairments that prevent an adult, regardless of age, education, or work experience, from performing any gainful activity. <u>Knepp v. Apfel</u>, 404 F.3d 78, 85 (3d Cir. 2000); 20 C.F.R. §416.920(d). "If the impairment is equivalent to a listed impairment then [the claimant] is per se disabled and no further analysis is necessary." <u>Burnett</u>, 220 F.3d at 119.

The burden is on the claimant to present medical findings that show that his impairment matches a listing or is equal in severity to a listed impairment. <u>Williams v. Sullivan</u>, 970 F.2d 1178, 1186 (3d Cir. 1992). However, the burden is on the ALJ to identify the relevant listed impairment in the federal regulations that compares with the claimant's impairment. <u>Id</u>. at 120 n.2. Moreover, the ALJ must "fully develop the record and explain his findings at step 3, including an analysis of whether and why [the claimant's] ... impairments ... are or are not equivalent in severity to one of the listed impairments." <u>Id</u>.

For the most part, the ALJ adhered to the foregoing step 3 standards. He identified the relevant listings comparing to plaintiff's severe impairments of degenerative joint disease of the neck, back, legs and knees (Listings under 1.00 for musculoskeletal disorders) and depression (Listings under 12.00

for mental disorders) and analyzed why plaintiff does not meet or equal those listings. (R. 38).

Specifically, with respect to plaintiff's degenerative joint disease, the ALJ found that plaintiff's impairment has not resulted in sustained disturbance of gait or an inability to ambulate effectively or the inability to perform fine and gross movements as required under Listing 1.02. (Id.) With respect to plaintiff's depression, the ALJ found that plaintiff's mental impairment has not produced marked functional limitations in more than one area of functioning as required under Listing 12.04. (Id.)[3]

Importantly, the ALJ also acknowledged SSR 02-1p, which requires consideration of obesity in combination with plaintiff's other severe impairments in determining whether plaintiff meets a listing and how it affects residual functional capacity. (R. 37). The ALJ expressly stated that the considerations set forth in SSR 02-1p "have been taken into account in reaching the conclusions herein," (R. 38) and the court believes that the ALJ's opinion demonstrates that he did consider plaintiff's obesity in

---

[3]    In this regard, the ALJ rejected the opinion of Dr. Carosso who conducted a psychological evaluation of plaintiff in November of 2007 and concluded that plaintiff had "marked" limitations in his ability to perform numerous work-related mental activities. (R. 175). The ALJ noted that Dr. Carosso's opinion was unsubstantiated by other treatment records and is inconsistent not only with his own evaluation findings but also by the fact that plaintiff has had no mental health treatment since 2007. (R. 42). The court is satisfied that the ALJ properly evaluated Dr. Carosso's report in accordance with the regulations, 20 C.F.R. 416.927 and SSR 96-6p, and that his treatment of Dr. Carosso's opinion is supported by substantial evidence.

combination with degenerative joint disease and depression at step 3 and in rendering his residual functional capacity finding.

Had degenerative disc disease and depression been the only severe impairments at issue in this case, the court would conclude that the ALJ's step 3 finding, as well as his residual functional capacity finding, both are supported by substantial evidence. However, the ALJ also expressly found that plaintiff suffers from the severe impairment of sleep apnea, (R. 37), and it is the ALJ's failure to analyze plaintiff's sleep apnea, either alone or in combination with obesity, that is grounds for remand in this case.

Listing 3.10 specifically addresses sleep-related breathing disorders such as sleep apnea, which "are caused by periodic cessation of respiration associated with hypoxemia and frequent arousals from sleep." 3.00(H). The Listings note that in some individuals the disturbed sleep pattern may cause daytime sleepiness with chronic pulmonary hypertension and/or disturbances in cognitive functioning, which in turn can affect memory, orientation and personality.

Here, the ALJ neither identified Listing 3.10 nor analyzed plaintiff's sleep apnea to determine whether it meets or is equivalent to that Listing. On remand, the ALJ must consider plaintiff's sleep apnea and make a finding as to whether or not Listing 3.10 is met.[4]

---

[4] In this regard, the court notes that Listing 3.10 is to be analyzed under Listing 3.09 (chronic cor pulmonale) or Listing 12.02 (organic mental disorders). The regulations recognize that daytime somnolence may be associated with disturbance in cognitive

AO 72
(Rev. 8/82)

In addition, at step 3 the ALJ must explicitly undertake an analysis as to whether sleep apnea, in combination with obesity, meets or equals Listing 3.10. The regulations note that the "combined effects of obesity with respiratory impairments can be greater than the effects of each of the impairments considered separately." 3.00(I). Accordingly, "when determining whether an individual with obesity has a listing-level impairment or combination of impairments, and when assessing a claim at other steps of the sequential evaluation process, including when assessing an individual's residual functional capacity, [the ALJ] must consider any additional and cumulative effects of obesity." Id.; SSR 02-1p.

The court therefore will vacate the ALJ's decision and remand this matter for further development concerning whether plaintiff's sleep apnea, alone or in combination with obesity, meets or equals Listing 3.10. In addition, in assessing plaintiff's residual functional capacity, the ALJ must also undertake an evaluation of the evidence to determine whether the combined effects of sleep apnea and obesity may impact plaintiff's work performance and whether they may require additional restrictions on plaintiff's ability to perform work-related functions. See Diaz v. Commissioner of Social Security, 577 F.3d 500 (3d. Cir. 2009).

---

vigilance and that impairment of cognitive function is to be evaluated under Listing 12.02.

AO 72
(Rev. 8/82)

Accordingly, for the foregoing reasons, plaintiff's motion for summary judgment will be granted, the Commissioner's motion for summary judgment will be denied, and this case will be remanded to the Commissioner for further proceedings consistent with this opinion.

Gustave Diamond
United States District Judge

cc: E. David Harr, Esq.
203 South Main Street
Greensburg, PA 15601

Lee Karl
Assistant United States Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219

AO 72
(Rev. 8/82)